Successors of Saint Laurent & Martínez, Ltd., Plaintiffs and Appellees, v. Honoré, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 1626.—Decided April 17, 1917.

Complaint—Amendment—Surprise—Appeal.—When the defendant offers no evidence and there is no basis for his claim of surprise, or anything to show that he was in any way misled to his prejudice in maintaining his defense on the merits, or that he had any defense to the merits, the plaintiff, after trial and before judgment and with due notice to defendant, may ask for and obtain leave from the court to amend his complaint to conform to the evidence offered by him and admitted without objection. An appeal taken in such circumstances is frivolous, and sections 136, 137, 140 and 142 of the Code of Civil Procedure are applicable to the case.

The facts are stated in the opinion.

Mr. Angel A. Vázquez for the appellant.

Mr. José Sabater for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

The original complaint herein alleged:

"I. That the plaintiff is a mercantile firm duly constituted under the laws of Porto Rico with its domicile in this city.

"II. That the defendant bought lumber and building materials from the plaintiff in different lots, both parties carrying current accounts which when liquidated by them on August 30, 1916, showed a balance in favor of the plaintiff of $625.61, which was acknowledged by the defendant.

"III. That the parties agreed that the balance of account in favor of the plaintiff should bear interest at 1 per cent per month, and the said account having been liquidated again on August 24, 1914, showed a balance in favor of the plaintiff of $617.96, which is the sum owing by the defendant to the plaintiff, whose account has not been paid either wholly or in part notwithstanding the several demands made upon the defendant therefor."

The answer was a general denial.

Plaintiff offered in evidence, without any objection whatever by defendant, an instrument purporting the dissolution of the partnership of St. Laurent & Martínez and the formation of a new firm, to wit, "Saint Laurent & Martínez, Su-

cesores, S. en C.," plaintiff herein, executed by Gustavo
St. Laurent y Ponce de León, Juan Ramón Martínez and José
Ferrer Pilloch on June 3, 1915, the pertinent clauses of which
read as follows:

"*First.* The firm of Saint Laurent & Martínez, which was con-
stituted by the aforesaid deed No. 45, executed in this city on May
28, 1914, was dissolved for all legal purposes on the day on which
the term of its legal existence as such firm expired and the firm con-
stituted under the following clauses will assume the business of the
extinguished firm whose assets and liabilities pass to the new firm,
under such conditions as shall be stipulated, and the members of the
said defunct firm, Messrs. Saint Laurent and Martínez, will consider
as valid each and all transactions which might have been made in
the name of the extinguished firm, and therefore ratify in all its parts
all public documents that may have been executed by the members
affecting the real property and property rights of the said firm.

"*Second.* Firm Name.  The new firm of Saint Laurent and Mar-
tínez, Successor, a silent partnership, is created and established with
its domicile in this city of Mayagüez, as liquidator of the extinguished
firm of Saint Laurent and Martínez, with its office on Comercio
Street of this city, at the warehouse of the member Gustavo Saint
Laurent, who transfers under lease the lots and deposits to the new
society under a contract that will be executed separately."

Plaintiff also introduced, after full identification and with-
out objection by defendant, the following document:

"Mayagüez, P. R., September, 1914.   Sabás Honoré to Saint
Laurent and Martínez.  Cash value.  Debtor: 1914.  July 30th.  To
balance in our favor as per account rendered $619.42.  August 30th.
To interest to date, $6.19.  $625.61.  E. and O. E. O. K.: S. Honoré."

The testimony showed, among other things, likewise with-
out objection by defendant, a payment on account on August
24, 1915, a date subsequent to that of the organization of the
new firm.

The defendant offered no evidence.

After the trial and before judgment plaintiff, with due
notice to defendant, asked and obtained leave to amend the
complaint to conform to the evidence, the first and second
paragraphs of the amended pleading reading as follows:

"I. That the plaintiff is a mercantile firm duly constituted under the laws of Porto Rico with its domicile in this city.

"II. That the defendant bought lumber and building materials from the mercantile firm of Saint Laurent & Martínez, the predecessor of the plaintiff firm, in different lots, both parties carrying current accounts which having been liquidated by said predecessor firm of Saint Laurent & Martínez with the defendant on August 30, 1914, showed a balance in favor of said firm of $625.61, which was acknowledged by the defendant, the plaintiff firm assuming the business of the extinguished firm of Saint Laurent & Martínez, the defendant having liquidated and acknowledged his account with the said plaintiff firm; and the plaintiff having taken charge of the total liquidation of said extinguished firm of Saint Laurent & Martínez, all the assets and liabilities of the defunct company passed to the new firm."

Error is assigned as follows:

"I. The court erred in admitting the new complaint presented by the plaintiff.

"II. The court erred in rendering judgment against the defendant."

The facts as stated above, considered in the light of sections 136, 137, 140, and 142 of the Code of Civil Procedure, suffice without argument to show the frivolous character of the appeal. Not only is there no basis whatever for the claim of surprise made, in so far as the record discloses, for the first time on appeal, but the contention is consistently and conclusively negatived throughout by appellant's own statement of the case. There is nothing in the record to indicate that defendant was in anywise misled to his prejudice in maintaining his defense on the merits. There is nothing whatever to suggest that defendant had any defense on the merits. In the circumstances any discussion in detail of the alleged errors would be a waste of time and energy.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.